IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SKIPPRINT, LLC**<br><br>        Plaintiff,<br><br>v.<br><br>**RR DONNELLEY & SONS COMPANY, AND CONSOLIDATED GRAPHICS, INC.**<br><br>        Defendants | Case No. 1:14-cv-09071<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

For its Complaint against Defendants RR Donnelley & Sons Company ("RR Donnelley") and Consolidated Graphics, Inc. ("Consolidated Graphics") (collectively, "Defendants"), Plaintiff SkipPrint, LLC ("SkipPrint") alleges as follows:

## THE PARTIES

1. Plaintiff SkipPrint is a Delaware corporation having a principal place of business at 1875 Century Park East, Suite 700, Los Angeles, California 90067.

2. On information and belief, Defendant RR Donnelley is a Delaware corporation with its principal place of business at 111 South Wacker Drive, Chicago, Illinois 60606.

3. On information and belief, Defendant Consolidated Graphics, Inc. is a Texas corporation having a mailing address of P.O. Box 14206, Houston, Texas 77221-4206.

4. On information and belief, on January 31, 2014, Defendant RR Donnelley acquired Defendant Consolidated Graphics.

## JURISDICTION AND VENUE

5. This is a civil action for patent infringement arising under the Patent Act of the United States, 35 U.S.C. §§ 1 *et seq.* This court has subject matter jurisdiction of such federal question claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) in that the acts and transactions complained of herein were conceived, carried out, made effective, and had effect within the State of Illinois and within this district, among other places. Defendants reside in this judicial district by virtue of their business activities in this district, have committed acts of infringement in this judicial district, or have committed acts of contributory infringement and inducement of infringement within this judicial district.

## BACKGROUND

7. On June 13, 2000, the United States Patent & Trademark Office duly and legally issued United States Patent No. 6,076,080 ("the '080 Patent"), entitled "FORMS ORDER ENTRY SYSTEM." A true and correct copy of this patent is attached hereto as Exhibit A.

8. The '080 patent claims, among other things, computer-based forms order entry systems. This invention enables an efficient, innovative, and user-friendly electronic online forms order entry process.

9. On September 14, 1999, the United States Patent & Trademark Office duly and legally issued United States Patent No. 5,953,702 ("the '702 Patent"), entitled "Computerized comprehensive document audit." A true and correct copy of this patent is attached hereto as Exhibit B.

10. The '702 patent claims, among other things, a comprehensive electronic document audit system.

11. The '080 and '702 patents are owned by The Standard Register Company ("Standard Register"). To allow enforcement and protection of this patent and the technology it represents, in 2012 and 2013, The Standard Register Company executed two exclusive license agreements with SkipPrint ("Standard Register Exclusive License Agreements"). The first

2

Standard Register Exclusive License Agreement granted SkipPrint the exclusive right to practice, enforce, and sublicense, among other rights, the '080 Patent, effective December 31, 2012, and the Second Standard Register Exclusive License Agreement granted SkipPrint the exclusive right to practice, enforce, and sublicense, among other things, the '702 Patent, effective May 29, 2013. A true and correct copy of the Standard Register Exclusive License Agreements are attached hereto as Exhibits C and D respectively and incorporated herein by reference.

12. On September 9, 1997, the United States Patent & Trademark Office duly and legally issued United States Patent No. 5,666,493 ("the '493 Patent"), entitled "SYSTEM FOR MANAGING CUSTOMER ORDERS AND METHOD OF IMPLEMENTATION." A true and correct copy of this patent is attached hereto as Exhibit E.

13. On May 23, 2006, the United States Patent & Trademark Office duly and legally issued United States Patent No. 7,050,995 ("the '995 Patent"), entitled "SYSTEM FOR MANAGING ORDERS AND METHOD OF IMPLEMENTATION." A true and correct copy of this patent is attached hereto as Exhibit F.

14. On June 6, 2006, the United States Patent & Trademark Office duly and legally issued United States Patent No. 7,058,596 ("the '596 Patent"), entitled "SYSTEM FOR MANAGING ORDERS AND METHODS OF IMPLEMENTATION." A true and correct copy of this patent is attached hereto as Exhibit G.

15. The '493, '995, and '596 patents claim, among other things, computer-based systems for management and fulfillment of customer orders in a product distribution environment. These inventions enable an efficient, innovative, and user-friendly electronic process for managing inventory, such as print, in a distribution environment.

16. The '493, '995, and '596 patents are owned by Lykes Bros, Inc. To allow enforcement and protection of these patents and the technology they represent, in December, 2012, Lykes Bros., Inc. executed an exclusive license agreement with SkipPrint ("Lykes Bros. Exclusive License Agreement") and, by this Lykes Bros. Exclusive License Agreement, granted SkipPrint the exclusive right to practice, enforce, and sublicense, among other rights, the '493, '596, and '995 Patents. A true and correct copy of the Lykes Bros. Exclusive License Agreement is attached hereto as Exhibit H and incorporated herein by reference.

17. On December 6, 2011, the United States Patent & Trademark Office duly and legally issued United States Patent No. 8,072,641 ("the ColorQuick '641 Patent"), entitled "Computer program product for preparation of production data for a print job using a still image proxy of a page description language image file." A true and correct copy of this patent is attached hereto as Exhibit I.

18. On April 27, 2010, the United States Patent & Trademark Office duly and legally issued United States Patent No. 7,706,016 ("the ColorQuick '016 Patent"), entitled "Preparation of production data for a print job using a still image proxy of a page description language image file." A true and correct copy of this patent is attached hereto as Exhibit J.

19. On November 11, 2007, the United States Patent & Trademark Office duly and legally issued United States Patent No. 7,298,516 ("the ColorQuick '516 Patent"), entitled "Preparation of production data for a print job using a still image proxy of a page description language image file." A true and correct copy of this patent is attached hereto as Exhibit K.

20. The ColorQuick '641, '016, and '516 patents claim, among other things, certain computer-based print job preparation systems and methods. These inventions enables an efficient,

innovative, and user-friendly system for print job preparation of electronic documents intended for printing by, among other things, utilizing a page description language ("PDL").

21. On April 8, 2014, the United States Patent & Trademark Office duly and legally issued United States Patent No. 8,694,518 ("the ColorQuick '518 Patent"), entitled "Method and apparatus for database mapping." A true and correct copy of this patent is attached hereto as Exhibit L.

22. The ColorQuick '641, '016, '516, and '518 patents are owned by ColorQuick, L.L.C.. To allow enforcement and protection of these patents and the technology they represent, in February, 2013, ColorQuick executed an exclusive license agreement with SkipPrint ("ColorQuick Exclusive License Agreement") and, by this ColorQuick Exclusive License Agreement, granted SkipPrint the exclusive right to practice, enforce, and sublicense, among other rights, the ColorQuick '641, '016, '516, and '518 Patents, effective September 19, 2013. A true and correct copy of the ColorQuick Exclusive License Agreement is attached hereto as Exhibit M and incorporated herein by reference.

23. RR Donnelley was put on notice of the '080, '493, '596, and '995 Patents as early as May 21, 2013 when SkipPrint sent a letter to RR Donnelley notifying RR Donnelley of its infringing activities. RR Donnelley was put on notice of the '702 Patent as early as July 16, 2013. RR Donnelley was put on notice of the '649, '016, and '516 Patents as early as September 19, 2013.

24. Consolidated Graphics was put on notice of the '080, '493, '596, and '995 Patents as early as January 21, 2014 when SkipPrint sent a letter to Consolidated Graphics notifying Consolidated Graphics of its infringing activities.

## COUNT I

## (INFRINGEMENT OF U.S. PATENT NO. 6,076,080)

25. Plaintiff SkipPrint incorporates herein by reference the allegations set forth in paragraphs 1-24 of the Complaint as though fully set forth herein.

26. On information and belief, Defendants RR Donnelley and Consolidated Graphics have been and now are infringing the '080 patent in the State of Illinois, including claims 1 and 10 for example, in this judicial district, and elsewhere in the United States by providing their web-based online storefront system(s) to at least their U.S. customers over the Internet, through their Web-to-Print and Variable Data Printing online services (e.g., WorkSmart Suite Streamline).

27. By making, using, selling, and offering for sale such systems, and all like products and related services that are covered by one or more claims of the '080 patent, the Defendants have infringed and continue to directly infringe the '080 Patent, including infringement under 35 U.S.C. § 271(a) and (f).

28. Defendants' Web-to-Print and Variable Data Printing online services are accompanied with online marketing, encouraging its customers to operate these systems and services in an infringing manner. Defendants' Variable Data Printing online services can be found at http://www.rrdonnelley.com and http://www.rrdonnelley.com/digital-solutions/worksmart-suite/streamline.aspx.

29. On information and belief, as a result of Defendants' encouragement, through at least its online marketing, Defendants' customers were induced to operate these systems and services, namely Defendants' Variable Data Printing, in an infringing manner. For instance, Defendants' customers would visit an RR Donnelley WorkSmart Suite and follow the instructions set forth at this site to operate the accused systems and services in an infringing manner.

30. Accordingly, on information and belief, Defendants have also indirectly infringed and continue to indirectly infringe the '080 patent by actively inducing others to cause direct infringement—specifically, customers and partners of Defendants—who operate these systems and methods that embody or otherwise practice one or more claims of the '080 patent when Defendants had knowledge of the '080 patent and knew or should have known that their actions would induce direct infringement by others and intended that their actions would induce direct infringement by others.

31. On information and belief, Defendants will continue to infringe the '080 Patent unless enjoined by this Court.

32. On information and belief, Defendants' infringement of the '080 Patent is, has been, and continues to be willful and deliberate.

33. As a direct and proximate result of Defendants' infringement of the '080 Patent, SkipPrint has been and continues to be damaged in an amount yet to be determined.

34. Unless a preliminary and permanent injunction are issued enjoining Defendants and their officers, agents, servants and employees, and all others acting on their behalf or in concert with Defendants, from infringing the '080 Patent, SkipPrint, will be greatly and irreparably harmed.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 5,953,702)

35. Plaintiff SkipPrint incorporates herein by reference the allegations set forth in paragraphs 1-34 of the Complaint as though fully set forth herein.

36. On information and belief, Defendants RR Donnelley and Consolidated Graphics have been and now are infringing the '702 patent in the State of Illinois, including claim 1 for

example, in this judicial district, and elsewhere in the United States by its development and use of its document audit system, e.g., through its customized use of Microsoft SharePoint.

37. By making, using, selling, and offering for sale such systems, and all like products and related services that are covered by one or more claims of the '702 patent, Defendants have infringed and continue to directly infringe the '702 Patent, including infringement under 35 U.S.C. § 271(a) and (f).

38. On information and belief, Defendants will continue to infringe the '702 Patent unless enjoined by this Court.

39. On information and belief, Defendants' infringement of the '702 Patent is, has been, and continues to be willful and deliberate.

40. As a direct and proximate result of Defendants' infringement of the '702 Patent, SkipPrint has been and continues to be damaged in an amount yet to be determined.

41. Unless a preliminary and permanent injunction are issued enjoining Defendants and their officers, agents, servants and employees, and all others acting on their behalf or in concert with Defendants, from infringing the '702 Patent, SkipPrint, will be greatly and irreparably harmed.

## COUNT III

### (INFRINGEMENT OF U.S. PATENT NO. 5,666,493)

42. Plaintiff SkipPrint incorporates herein by reference the allegations set forth in paragraphs 1-41 of the Complaint as though fully set forth herein.

43. On information and belief, Defendants RR Donnelley and Consolidated Graphics have been infringing the '493 patent in the State of Illinois, including claim 2 for example, in this judicial district, and elsewhere in the United States with any of their web-based online storefront

solutions e.g., CustomPoint Solutions and WorkSmart Suite Streamline and any one of RR Donnelley's and Consolidated Graphics' ERP/Fulfillment systems, e.g., Oracle's E-Business Suite, Pro-Mail, and SAP.

44. By making, using, selling, and offering for sale such systems, and all like products and related services that are covered by one or more claims of the '493 patent, Defendants have infringed the '493 Patent, including infringement under 35 U.S.C. § 271(a) and (f).

45. On information and belief, Defendants' infringement of the '493 Patent has been willful and deliberate.

46. As a direct and proximate result of Defendants' infringement of the '493 Patent, SkipPrint has been damaged in an amount yet to be determined.

## COUNT IV

## (INFRINGEMENT OF U.S. PATENT NO. 7,050,995)

47. Plaintiff SkipPrint incorporates herein by reference the allegations set forth in paragraphs 1-46 of the Complaint as though fully set forth herein.

48. On information and belief, Defendants RR Donnelley and Consolidated Graphics have been infringing the '995 patent in the State of Illinois, including claim 32 for example, in this judicial district, and elsewhere in the United States with any of their web-based online storefront solutions e.g., CustomPoint Solutions and WorkSmart Suite Streamline and any one of RR Donnelley's and Consolidated Graphics' ERP/Fulfillment systems, e.g., Oracle's E-Business Suite, EFI's PSI and Radius, Macola ERP, Pro-Mail, and SAP.

49. By making, using, selling, and offering for sale such systems, and all like products and related services that are covered by one or more claims of the '995 patent, Defendants have infringed the '995 Patent, including infringement under 35 U.S.C. § 271(a) and (f).

50. On information and belief, Defendants' infringement of the '995 Patent has been willful and deliberate.

51. As a direct and proximate result of Defendants' infringement of the '995 Patent, SkipPrint has been damaged in an amount yet to be determined.

## COUNT V

### (INFRINGEMENT OF U.S. PATENT NO. 7,058,596)

52. Plaintiff SkipPrint incorporates herein by reference the allegations set forth in paragraphs 1-51 of the Complaint as though fully set forth herein.

53. On information and belief, Defendants RR Donnelley and Consolidated Graphics have been and now are infringing the '596 patent in the State of Illinois, including claim 4 for example, in this judicial district, and elsewhere in the United States with any of their web-based online storefront solutions e.g., CustomPoint Solutions and WorkSmart Suite Streamline and any one of RR Donnelley's and Consolidated Graphics' ERP/Fulfillment systems, e.g., their use of Oracle's E-Business Suite, EFI's PSI and Radius, Macola ERP, Pro-Mail, and SAP.

54. By making, using, selling, and offering for sale such systems, and all like products and related services that are covered by one or more claims of the '596 patent, Defendants have infringed and continue to directly infringe the '596 Patent, including infringement under 35 U.S.C. § 271(a) and (f).

55. On information and belief, Defendants will continue to infringe the '596 Patent unless enjoined by this Court.

56. On information and belief, Defendants' infringement of the '596 Patent is, has been, and continues to be willful and deliberate.

57.     As a direct and proximate result of Defendants' infringement of the '596 Patent, SkipPrint has been and continues to be damaged in an amount yet to be determined.

58.     Unless a preliminary and permanent injunction are issued enjoining Defendants and their officers, agents, servants and employees, and all others acting on their behalf or in concert with Defendants, from infringing the '596 Patent, SkipPrint, will be greatly and irreparably harmed.

## COUNT VI

## (INFRINGEMENT OF U.S. PATENT NO. 8,072,641)

59.     Plaintiff SkipPrint incorporates herein by reference the allegations set forth in paragraphs 1-58 of the Complaint as though fully set forth herein.

60.     On information and belief, Defendant RR Donnelley has been and now is infringing the ColorQuick '641 Patent in the State of Illinois, including claim 1 for example, in this judicial district, and elsewhere in the United States by providing their ad submission portal(s), including their print job preparation features, to at least their U.S. customers over the Internet, through their print job preparation services, including SendMyAd.

61.     By making, using, selling, and offering for sale such systems, and all like products and related services that are covered by one or more claims of the ColorQuick '641 Patent, Defendant RR Donnelley has infringed and continues to directly infringe the ColorQuick '641 Patent, including infringement under 35 U.S.C. § 271(a) and (f).

62.     On information and belief, Defendant will continue to infringe the ColorQuick '641 Patent unless enjoined by this Court.

63.     On information and belief, Defendant's infringement of the ColorQuick '641 Patent is, has been, and continues to be willful and deliberate.

64. As a direct and proximate result of Defendant's infringement of the ColorQuick '641 Patent, SkipPrint has been and continues to be damaged in an amount yet to be determined.

65. Unless a preliminary and permanent injunction are issued enjoining Defendant and its officers, agents, servants and employees, and all others acting on their behalf or in concert with Defendant, from infringing the ColorQuick '641 Patent, SkipPrint, will be greatly and irreparably harmed.

## COUNT VII

## (INFRINGEMENT OF U.S. PATENT NO. 7,706,016)

66. Plaintiff SkipPrint incorporates herein by reference the allegations set forth in paragraphs 1-65 of the Complaint as though fully set forth herein.

67. On information and belief, Defendant RR Donnelley has been and now is infringing the ColorQuick '016 Patent in the State of Illinois, including claim 1 for example, in this judicial district, and elsewhere in the United States by providing their ad submission portal(s), including their print job preparation features, to at least their U.S. customers over the Internet, through their print job preparation services, including SendMyAd.

68. By making, using, selling, and offering for sale such systems, and all like products and related services that are covered by one or more claims of the ColorQuick '016 Patent, Defendant RR Donnelley has infringed and continues to directly infringe the ColorQuick '016 Patent, including infringement under 35 U.S.C. § 271(a) and (f).

69. On information and belief, Defendant will continue to infringe the ColorQuick '016 Patent unless enjoined by this Court.

70. On information and belief, Defendant's infringement of the ColorQuick '016 Patent is, has been, and continues to be willful and deliberate.

71. As a direct and proximate result of Defendant's infringement of the ColorQuick '016 Patent, SkipPrint has been and continues to be damaged in an amount yet to be determined.

72. Unless a preliminary and permanent injunction are issued enjoining Defendant and its officers, agents, servants and employees, and all others acting on their behalf or in concert with Defendant, from infringing the ColorQuick '016 Patent, SkipPrint, will be greatly and irreparably harmed.

## COUNT VIII

### (INFRINGEMENT OF U.S. PATENT NO. 7,298,516)

73. Plaintiff SkipPrint incorporates herein by reference the allegations set forth in paragraphs 1-72 of the Complaint as though fully set forth herein.

74. On information and belief, Defendant RR Donnelley has been and now is infringing the ColorQuick '516 Patent in the State of Illinois, including claim 1 for example, in this judicial district, and elsewhere in the United States by providing their ad submission portal(s), including their print job preparation features, to at least their U.S. customers over the Internet, through their print job preparation services, including SendMyAd.

75. By making, using, selling, and offering for sale such systems, and all like products and related services that are covered by one or more claims of the ColorQuick '516 Patent, Defendant RR Donnelley has infringed and continues to directly infringe the ColorQuick '516 Patent, including infringement under 35 U.S.C. § 271(a) and (f).

76. On information and belief, Defendant will continue to infringe the ColorQuick '516 Patent unless enjoined by this Court.

77. On information and belief, Defendant's infringement of the ColorQuick '516 Patent is, has been, and continues to be willful and deliberate.

78. As a direct and proximate result of Defendant's infringement of the ColorQuick '516 Patent, SkipPrint has been and continues to be damaged in an amount yet to be determined.

79. Unless a preliminary and permanent injunction are issued enjoining Defendant and its officers, agents, servants and employees, and all others acting on their behalf or in concert with Defendant, from infringing the ColorQuick '516 Patent, SkipPrint, will be greatly and irreparably harmed.

## **COUNT IX**

### **(INFRINGEMENT OF U.S. PATENT NO. 8,694,518)**

80. Plaintiff SkipPrint incorporates herein by reference the allegations set forth in paragraphs 1-79 of the Complaint as though fully set forth herein.

81. On information and belief, Defendants RR Donnelley and Consolidated Graphics have been and now are infringing the ColorQuick '518 Patent in the State of Illinois, including claim 13 for example, in this judicial district, and elsewhere in the United States through their use of Salesforce.com.

82. By making, using, selling, and offering for sale such systems, and all like products and related services that are covered by one or more claims of the ColorQuick '518 Patent, Defendants have infringed and continue to directly infringe the ColorQuick '518 Patent, including infringement under 35 U.S.C. § 271(a) and (f).

83. On information and belief, Defendants will continue to infringe the ColorQuick '518 Patent unless enjoined by this Court.

84. On information and belief, Defendants' infringement of the ColorQuick '518 Patent is, has been, and continues to be willful and deliberate.

85. As a direct and proximate result of Defendants' infringement of the ColorQuick '518 Patent, SkipPrint has been and continues to be damaged in an amount yet to be determined.

86. Unless a preliminary and permanent injunction are issued enjoining Defendants and their officers, agents, servants and employees, and all others acting on their behalf or in concert with Defendants, from infringing the ColorQuick '518 Patent, SkipPrint, will be greatly and irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff SkipPrint prays for judgment against the Defendants as follows:

(1) For a judicial determination and declaration that the Defendants have infringed, and continue to infringe, United States Patent Nos. 6,076,080; 5,953,702; 7,058,596; and 8,694,518.

(2) For a judicial determination and declaration that the Defendants have infringed United States Patent Nos. 5,666,493 and 7,050,995.

(3) For a judicial determination and declaration that the Defendant RR Donnelley has infringed, and continues to infringe, United States Patent Nos. 8,072,641; 7,706,016; and 7,298,516.

(4) For a judicial determination and decree that the Defendants, their respective subsidiaries, officers, agents, servants, employees, licensees, and all other persons or entities acting or attempting to act in active concert or participation with them or acting on their behalf, be preliminarily and permanently enjoined from further infringement of the '080, '702, '596, '641, '016, '516, and '518 Patents;

(5) For a judicial determination and decree that Defendants' infringement of the '080, '702, '596, '641, '016, '516, and '518 Patents has been, and continues to be, willful and deliberate;

(6)     For a judicial determination and decree that Defendants' infringement of the '493 and '995 Patents has been willful and deliberate;

(7)     For a declaration that the Defendant notify all of its customers, vendors and users of the infringing system(s) and customers' participation in the infringement with Defendants' encouragement, and that Defendants encourage its customers, vendors and users to cease all such infringing actions;

(8)     For a judicial decree that orders Defendants to account for and pay to SkipPrint, LLC all damages caused to SkipPrint, LLC by reason of Defendants' infringement pursuant to 35 U.S.C. Section 284, including enhanced damages under 35 U.S.C. Section 285;

(9)     For an award of damages according to proof at trial;

(10)    For a judicial order awarding to SkipPrint, LLC pre-judgment and post-judgment interest on the damages caused to it by Defendants' infringement; and

(11)    For any such other and further relief as the Court may deem just and proper under the circumstances.

Dated: November 12, 2014

By:   /s/ Timothy E. Grochocinski
Timothy E. Grochocinski
Illinois Bar No. 6295005
teg@innovalaw.com
Joseph Oldaker
Illinois Bar No. 6295319
joldaker@innovalaw.com
**INNOVALAW, P.C**.
15020 S. Ravinia Ave. Suite 29
Orland Park, Illinois 60462
Telephone:   (708) 675-1795
Facsimile:   (708) 675-1786

Joseph K. Liu (Bar No. 216227)
jliu@onellp.com
Nate L. Dilger (Bar No. 196203)
ndilger@onellp.com
**ONE LLP**
4000 MacArthur Boulevard
West Tower, Suite 1100
Newport Beach, California 92660
Telephone:   (949) 502-2870
Facsimile:   (949) 258-5081

Attorneys for PLAINTIFF, SKIPPRINT LLC.