**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **SKIPPRINT, LLC** <br><br> Plaintiff, <br> v. <br><br> **RR DONNELLEY & SONS COMPANY, AND CONSOLIDATED GRAPHICS, INC.** <br><br> Defendants | Case No. 1:14-cv-09071 <br><br> **DEMAND FOR JURY TRIAL** |

## INITIAL STATUS REPORT/ REPORT OF THE PARTIES' PLANNING MEETING

1. Nature of the Case

    **(a) The following persons participated in a Rule 26(f) conference on December 30, 2014 by telephone**:

    Timothy Grochocinski and Joseph Liu representing Plaintiff, SkipPrint, LLC ("SkipPrint")

    James Nuttall and Daniel Stringfield represented Defendants RR Donnelley & Sons Company and Consolidated Graphics, Inc. (collectively, "Defendants").

    **(b) Attorneys of record, and lead trial counsel, for each party**

    Counsel representing SkipPrint are as follows:

    Joseph K. Liu, admitted pro hac vica from California, (lead trial counsel), Timothy Grochocinski, and Joseph Paul Oldaker

    Counsel representing RR Donnelley & Sons and Consolidated Graphics are as follows:

    James R. Nuttall (lead trial counsel), John L. Abramic and Daniel S. Stringfield of Steptoe & Johnson, 115 South LaSalle St., 31st Floor, Chicago, IL 60603.

    **Basis for Federal Jurisdiction**:

    This action arises under Title 35, U.S. Code, Patent Laws of the United States. This Court has jurisdiction of this action under 28 U.S.C. §§ 1338(a), 2201 and 2202.

      **(c) Nature of the claims(s):**

This is an action for patent infringement, in which Plaintiff alleges that Defendants infringe Plaintiff's United States Patents (Nos. 6,076,080; 5,953,702; 5,666,493; 7,050,995; 7,058,596; 7,298,516; 7,706,016; 8,072,641; and 8,694,518) relating to web-based online storefront and ordering technology. Defendants' allege that the patents-in-suit are not infringed and are invalid.

      **(d) Defendants Filed Their Answer to the Complaint and Counterclaims on January 5th, 2015**

      **(e) Description of the Principal Factual and Legal Disputes**.

Plaintiff contends that the Defendant directly infringes all asserted patents and is therefore liable. Additionally, Plaintiff contends that Defendant induces infringement of the '080 patent and istherefore likewise liable. Plaintiff contends that all direct and indirect infringement is willful and deliberate. Plaintiff contends that it is entitled to damages no less than a reasonable royalty.

Defendants contend that they do not infringe any of the patents-in-suit. Defendants also contend that the patents-in-suit are invalid for several reasons, including based on prior art (i.e., 35 U.S.C. sections 102 and 103) and lack of patentable subject matter (i.e., 35 U.S.C. section 101). Defendants also deny that any alleged infringement is willful as Defendants have substantial non-infringement and invalidity defenses. Defendants deny that Plaintiff is entitled to any damages. Defendants contend they are entitled to their attorneys' fees and costs in connection with this case.

      **(f) Defendants have been served and after a 30 extension, will respond to Complaint on January 5, 2015.**

2. <u>Proceedings to Date</u>: Discovery has yet to begin. There have been no substantive rulings to date and there are no pending motions.

3. <u>Discovery and Case Plan</u>
      **(a)** No discovery has occurred to date.

(b) The parties anticipate discovery will encompass electronically stored information (ESI) and that ESI will be produced subject to a protective order and/or ESI order.

(c) Initial Disclosures. The Parties will complete by January 20, 2015, the initial disclosures required by Rule 26(a)(1).

(d) Disclosures and Discovery Pursuant to Local Patent Rules. The parties acknowledge that the requirements of the Local Patent Rules apply to this case.

(e) Additional Discovery Plan. The parties propose the following in addition to the discovery plan and schedules addressed in the Local Patent Rules:

   i. Maximum number of interrogatories by each party to another party: 25
   ii. Maximum number of requests for admission: 40; no limit with respect to authenticity
   iii. Maximum number of factual depositions per side exluding third party depositions: 10
   iv. Limits on length of depositions: 70 hours of total deposition time of party witnesses, including Fed. R. Civ. P. 30(b)(6) deposition time, and no personal deposition shall exceed 7 hours. A party's request for additional deposition time will not be unreasonably denied when good cause exists. Depositions of third parties, including inventors, are not limited by agreement of the parties.

(f) The parties have agreed to follow the dates set forth by the Local Patent Rules ("LPR") as modified below:

| Event | Deadline |
| --- | --- |
| Rule 16(b) Conference/Status Conference | December 30, 2014 |
| Defendants' Answer Due | January 5, 2015 |
| Deadline to submit agreed scheduling order (Parties will work together to finalize agreed to protective order) | January 7, 2015 |
| Initial Status Hearing | January 14, 2015, 9:00am |
| Initial Disclosures (LPR 2.1) | January 20, 2015 |
| Plaintiff's Initial Infringement Contentions (LPR 2.2) | February 16, 2015 |

3

| | |
|---|---|
| Defendant's Initial Non-Infringement, Unenforceability and Invalidity Contentions (LPR 2.3 & 2.4) | March 16, 2015 |
| Plaintiff's Response to Invalidity Contentions (LPR 2.5) | April 13, 2015 |
| Plaintiff's Final Infringement Contentions (LPR 3.1) | August 28, 2015 |
| Defendant's Final Unenforceability and Invalidity Contentions (LPR 3.1) | August 28, 2015 |
| Defendant's Final Non-Infringement Contentions (LPR 3.2) | September 30, 2015 |
| Plaintiff's Final Contentions in Response to Defendant's Final Unenforceability and Invalidity Contentions (LPR 3.2) | September 30, 2015 |
| Deadline to exchange list of terms to be construed and proposed constructions (LPR 4.1(a)) | October 14, 2015 |
| Deadline for parties to agree to no more than ten (10) claim terms for construction, unless the Court grants leave to present more than ten (10) claim terms for construction (LPR 4.1(b)) | October 21, 2015 |
| Deadline for amending pleadings and adding parties | October 30, 2015 |
| Defendants file Opening Claim Construction Brief (LPR 4.2(a)) and Parties file Joint Appendix (LPR 4.2(b)) | November 18, 2015 |
| Plaintiff's Responsive Claim Construction Brief (LPR 4.2(c)) | December 16, 2015 |
| Defendants' Reply Claim Construction Brief (LPR 4.2(d)) | January 8, 2016 |
| Joint Claim Construction Chart and Joint Status Report (LPR 4.2(f)) | January 15, 2016 |

| | |
|---|---|
| *Markman* Hearing (LPR 4.3) | February 7, 2016 at 9am, or other date selected by the Court |
| Opening Expert Report on Issues on which Party Bears Burden of Proof (LPR 5.1) | 21 days after *Markman* Order or the close of discovery, whichever is later |
| Rebuttal Expert Reports (LPR 5.1) | 35 days after opening expert reports |
| Fact Discovery Cutoff (LPR 1.3) | 42 days after entry of *Markman* Order |
| Expert Discovery Cutoff (LPR 5.2) | 35 days after rebuttal expert reports |
| Deadline for filing dispositive motions (LPR 6.1) | 28 days after expert discovery cutoff |
| Pre-trial disclosures | 60 days before trial |
| Objections to pretrial disclosures | 21 days after pre-trial disclosures |
| Final Pretrial Conference | 7 days after objections to pretrial disclosures |
| *Voir dire* and jury instructions | 7 days after Final Pretrial Conference |
| Trial | A date selected by the Court |

4. Other Items:

   **(a)** The parties engaged in extensive discussions prior to this case being filed, but the parties were unable to reach an agreement. The parties are open to settlement discussions. The parties do not request a settlement conference at this time.
   **(b)** SkipPrint is open to private mediation. Defendants are open to settlement conferences with the Magistrate and private mediation at appropriate times in the case.
   **(c)** Communications between a party's attorney and a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support of or countering the opinion, are subject to discovery by the opposing party only to the extent provided in Rule 26(b)(4)(B) and (C).
   **(d)** The parties estimate the length of trial to be 2-3 weeks, depending on the number of patents-in-suit and accused products.
   **(e)** Plaintiff made a demand for a trial by jury.
   **(f)** Magistrate Judge:

   **The parties do not consent to proceed before a magistrate judge for all purposes.**

Date: January 7, 2015                                NELSON BUMGARDNER, P.C.


By: /s/ Timothy E. Grochocinski
Timothy E. Grochocinski
Joseph P. Oldaker
Nelson Bumgardner, P.C.
15020 Ravinia Ave., Suite 29
Orland Park, Illinois 60462
P. 708.675.1975
F. 708.675.1786
Tim@nelbum.com
Joseph@nelbum.com

Joseph K. Liu
ONE LLP
4000 MacArthur Blvd., Suite 500
East Tower
Newport Beach, CA. 92660
Telephone: (949) 502-2875
Facsimile: (949) 258-5081
jliu@onellp.com

*Attorneys for SkipPrint, LLC*


Date:   January 7, 2015                              STEPTOE & JOHNSON LLP


By: /s/ James R. Nuttall
James R. Nuttall
John L. Abramic
Daniel S. Stringfield
STEPTOE & JOHNSON, LLP
115 South LaSalle Street
Chicago, IL 60603
Tel: (312) 577-1300
Fax: (312) 577-1370
Email: jnuttall@steptoe.com
         jabramic@steptoe.com
         dstringfield@steptoe.com

*Attorneys for RR Donnelley & Sons*
*Company and Consolidated Graphics, Inc.*